UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE

| | |
|---|---|
| THE OHIO CASUALTY INSURANCE COMPANY ) | Civil Action No. 3:20-CV-459-DJH |
| ) | ELECTRONICALLY FILED |
| PLAINTIFF ) | |
| v. ) | |
| ) | |
| TRACY L. HUDSON ) | |
| 2109 Lawrenceburg Road ) | |
| Bloomfield, Kentucky 40008 ) | |
| ) | |
| DEFENDANT ) | |

**COMPLAINT**

Comes the Plaintiff, The Ohio Casualty Insurance Company ("Ohio Casualty"), by counsel, and for its Complaint against Tracy L. Hudson (hereinafter referred to as the "Defendant" or "Indemnitor"), states as follows:

**JURISDICTION AND VENUE**

1. The Plaintiff, Ohio Casualty, is a New Hampshire company with its principal place of business located in Fairfield, Ohio, and it is licensed to transact business in the Commonwealth of Kentucky.

2. The Defendant, Tracy L. Hudson is an individual who is a citizen of the Commonwealth of Kentucky and whose last known address is 2109 Lawrenceburg Road, Bloomfield, Kentucky 40008.

3. This action is between citizens of different states and the amount in controversy in this action exceeds the sum of $75,000.00, exclusive of interest and costs, and therefore this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

4. The Defendant in this action is a citizen and resident of this judicial district, and therefore, venue is proper herein pursuant to 28 U.S.C. § 1391(b)(1).

## FACTS RELEVANT TO ALL COUNTS

5. On or about March 20, 2015, in order to induce, among other things, Ohio Casualty to execute a surety bond on behalf of the City of Bardstown ("hereinafter referred to as "City of Bardstown"), the Defendant, Tracy L. Hudson, individually and as Chief Financial Officer for the City of Bardstown, executed an Agreement of Indemnity in favor of Ohio Casualty, as Surety. A copy of said Agreement of Indemnity is attached hereto as Exhibit "A," and is incorporated herein by reference.

6. Pursuant to the terms and conditions of each of the Agreement of Indemnity identified above, the Defendant agreed, among other things, to the following:

\* \* \*

(2) That Indemnitor shall exonerate and indemnify Surety from and against all claims, demands, losses, liability, damages (including punitive and exemplary) costs, charges, attorney's fees, expenses, suits, orders, judgments or adjudications whatsoever the Surety may incur by reason of the Surety's execution or procurement of the execution of Bonds, the increase of Bonds, any investigation on account of Bond, the defense or prosecution of any action, suit or other proceeding which may be brought in connection therewith or in connection with any judicial proceeding referred to in this Application, enforcement of the agreements contained herein, procuring a release from Bonds or cancelling Bonds in accordance with any cancellation provision therein contained;

(3) That Surety shall have the right, at its sole discretion, to pay, adjust, settle or compromise any claim, demand, suit or judgment upon Bonds or connection with any judicial proceeding referred to in this Application, and the voucher or other evidence of the such payment, adjustment, settlement or compromise whether Surety is

liable therefore or not, shall be prima facie evidence of the fact and extent of the Indemnitor's liability;

(4) To place the Surety in funds immediately upon demand, the amount Surety deems necessary to protect itself from losses or expenses upon Surety's determination that liability reasonably exists, whether or not Surety has made payment or posted reserve, Surety having the right to use all or a part of these funds, in payment or settlement of any liability, loss or expense for which Indemnitor is obligated hereunder, or in reimbursement to Surety for payment of the same.

* * *

7. In reliance upon execution of the Agreement of Indemnity by the Defendant, Ohio Casualty, as Surety, executed a Public Official Bond No. 82C012035 ("Bond") on April 1, 2015, in the penal sum of $1,000,000.00 for Tracy Hudson, as Principal, in her position as Chief Financial Officer for the City of Bardstown, in favor of the City of Bardstown, the Obligee. A copy of said Bond is attached hereto as Exhibit "B."

8. On or about February 27, 2020, Ohio Casualty received a "Proof of Loss" from the City of Bardstown that the Defendant embezzled city funds over the course of several years as follows:

2015 --- $61,297.65

2016 --- $72,344.60

2017 --- $88,531.66

2018 --- $97,492.14

2019 --- $337,212.34

**TOTAL - $656,878.29**

9. Ohio Casualty made a collateral demand upon the Defendant for a deposit of collateral, and/or to indemnify it from any loss pursuant to the terms and conditions of the Agreement of Indemnity, but all such demands were refused or ignored.

## COUNT I
## Breach of Agreement of Indemnity

10. Ohio Casualty hereby restates each and every allegation contained in the preceding paragraphs as though fully set forth herein verbatim.

11. Ohio Casualty has demanded that the Defendant Indemnitor perform her obligations in accordance with the terms of her Agreement of Indemnity. The Defendant has failed and refused to perform her obligations under said Agreement of Indemnity and is, therefore, in breach of the same.

12. As a result of the Defendant's breach of the Agreement of Indemnity, Ohio Casualty received claims, notices of claims, and demands for payment under its Bond, thereby incurring losses and expenses. Ohio Casualty will continue to incur expenses, all for which the Defendant is liable for to Ohio Casualty.

13. As a result of Defendant's breach of the Agreement of Indemnity, Ohio Casualty has employed counsel who is not a regularly salaried employee of Ohio Casualty and will suffer expenses relating to their services, all for which the Defendant is liable to Ohio Casualty pursuant to the terms of said Agreement of Indemnity.

## COUNT II
## Exoneration

14. Ohio Casualty hereby restates each and every allegation contained in the preceding paragraphs as though fully set forth herein verbatim.

15. Ohio Casualty has been called upon by the City of Bardstown to perform pursuant to its obligations under the Bond, and as a result, Ohio Casualty has incurred losses and expenses related to the same.

16. Pursuant to the terms of the Agreement of Indemnity, Ohio Casualty is entitled to be exonerated by the Defendant herein and is therefore entitled to an immediate Order from this Court requiring the Defendant to place funds or other security with Ohio Casualty for an appropriate amount.

## COUNT III
### *Quia Timet*

17. Ohio Casualty hereby restates each and every allegation contained in the preceding paragraphs as though fully set forth herein verbatim.

18. The Defendant has failed and refused to perform under her obligations under the Agreement of Indemnity, and Ohio Casualty fears that it will suffer further damages due to the Defendant's default and failure to honor her obligations to Ohio Casualty under the Agreement of Indemnity.

19. As a result Ohio Casualty's fears of potential losses the Defendant's failure to honor her obligations under the Agreement of Indemnity, and the equitable principle of *quia timet*, Ohio Casualty is entitled to hold collateral from the Defendant in an appropriate amount in order to ensure that Ohio Casualty's rights are adequately protected. Unless the Defendant is ordered to immediately place collateral with Ohio Casualty, it will not be adequately secured for its obligations prior to making any payments under its bond.

## COUNT IV
### Specific Performance

20. Ohio Casualty hereby restates each and every allegation contained in the preceding paragraphs as though fully set forth herein verbatim.

21. Ohio Casualty has demanded that the Defendant honor her obligations to it under the Agreement of Indemnity, and the Defendant has refused and continues to refuse to do the same.

22. Ohio Casualty is entitled to specific performance of the Agreement of Indemnity and to be placed in funds or to receive collateral from the Defendant in an appropriate amount to protect it from any potential loss related to the claim made by the City of Bardstown.

23. Pursuant to the terms of the Agreement of Indemnity, Ohio Casualty is entitled to an appropriate Order of this Court compelling performance of the affirmative obligations of the Defendant set forth therein.

NOW, WHEREFORE, the Plaintiff, The Ohio Casualty Insurance Company, demands as follows:

1. Judgment on Count I of the Complaint against the Defendant, Tracy L. Hudson, in the amount of $656,878.29, with interest thereon at the legal rate until paid by the Defendant and any expenses and attorney fees incurred by the Plaintiff in recovering its losses, which amount the Plaintiff reserves the right to amend to conform to its additional losses, expenses, and attorneys' fees incurred herein;

2.       Judgment on Count II of the Complaint against the Defendant, Tracy L. Hudson, in the amount of $656,878.29, exonerating and relieving the Plaintiff from all liability, loss, costs, damages, and expenses under its Bond, whether known, incurred, or to be incurred, and by the use of such means as the Court may deem just;

3.       Judgment on Count III of the Complaint against the Defendant, Tracy L. Hudson, in the amount of $656,878.29, requiring the Defendant to immediately provide Ohio Casualty with collateral, consisting of real or personal property, in an appropriate amount to protect Ohio Casualty from its potential losses as set forth herein;

4.       Judgment on Count IV of the Complaint against the Defendant, Tracy L Hudson, in the amount of $656,878.29, requiring the Defendant to specifically perform their Agreement of Indemnity obligations by placing funds or collateral with the Plaintiff in the amount of the Plaintiff's losses and potential losses under its Bond, and such Order as is appropriate to enforce the affirmative obligations owed by the Defendant to the Plaintiff as stated in the Agreement of Indemnity as set forth hereinabove;

5.       Judgment against the Defendant, Tracy L. Hudson, for its reasonable attorney's fees, expenses, and costs incurred herein, as set forth hereinabove in an amount to be determined at a later time; and

6.       For any and all other relief which the Court may deem appropriate.

Respectfully Submitted,

/s/ Gene F. Zipperle, Jr.
GENE F. ZIPPERLE, JR.
WARD, HOCKER & THORNTON, PLLC
Hurstbourne Place, Suite 700
9300 Shelbyville Road
Louisville, Kentucky 40222
(502) 583-7012
(502) 583-7018 (Fax)
GZipperle@whtlaw.com
*Counsel for Plaintiff*
*The Ohio Casualty Insurance Company*