

**82C012035**

**APPLICATION AND INDEMNITY AGREEMENT FOR PUBLIC OFFICIAL BOND**

☐ Liberty Mutual Insurance Company
☐ The Ohio Casualty Insurance Company

| | |
|---|---|
| Applicant's Full Name | Tracy Lynn Hudson |
| Social Security # | 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 |
| Residence Address | 121 Hurstborne Ln. Bardstown KY 40004 |
| Applicant's Official Title | Chief Financial Officer     ☐ Elected   ☒ Appointed |
| Are you a US Citizen? | ☒ Yes  ☐ No   What is your residency Status? _____ |
| Are there any lawsuits, judgments, or liens outstanding against applicant? ☒ No   ☐ Yes (If yes, provide explanation on Application Supplement.) | |
| Official Address | 220 N. Fifth St. Bardstown KY 40004 |
| Amount of Bond(s) | $1,000,000   Term of Office _____   Must bond be filed annually ☐ Yes  ☐ No |

Exact Title of Federal, State, County, Municipal Government, Branch Department, Official or Individual to whom this bond is given
Chief Financial Officer

Have you previously occupied this position?  ☐ Yes, from _____ to _____   ☒ No

Have you ever had a bond declined, canceled or renewal refused?  ☐ Yes   ☒ No

If yes, explain _____

**For all bonds in excess of $50,000 complete the following:**

Duties and responsibility of the public office  Treasuerer and CFO Duties

Salary $ 60,000  per Year   If paid on commission, give approximate amount $ _____ per _____

Will you continue in business or employment during your term?  ☐ Yes, net income $ NA   ☐ No

If yes, state nature of such work and name of employer _____

Conservative value of your real estate $ 540,000   Amount of mortgages, other liens? $ 400,000

Conservative value of personal property $ 50,000

**IMPORTANT: Officials handling public funds are required to complete the following:**

Provide name of bank(s) that have been designated by the proper authority as depositories for public funds coming into your hands and how the deposits are secured:
Name/Location of Bank:  Wilson and Muir Bank
Amount of Deposit:  $2,000,000 to $5,000,000
How Secured:  FDIC Limit then Pledged Securities

Largest amount under your control at any one time $ _____   What length of time? _____

Will you withdraw funds from the depository?  ☒ Yes  ☐ No   How are withdrawals made?  By Check and ACH

Is countersignature required?  ☒ Yes, of  Mayor or a City Councilman   ☐ No

If no countersignature is required, what controls exist? _____

Do you agree to deposit only in legally designated and qualified depositories?  ☒ Yes  ☐ No

LMS-7455                                  1/3                                  Rev. 6/2010

**EXHIBIT A**

Unless permitted by statute, do you agree to deposit funds only when protected in full from loss by depository failures?
☒ Yes   ☐ No

Are you the custodian of any securities?   ☒ Yes, value $ _____ , kept at _____   ☐ No

Are securities under joint control?   ☐ Yes, with whom _____   ☐ No

Are money and securities fully protected by burglary and robbery insurance?   ☐ Yes   ☐ No

If yes, name insurance carrier & policy limits _____

When are you required to make reports? _Monthly_   To whom? Mayor, City Council and Dept Heads

When are your accounts examined? _Yearly_   By whom? Outside CPA

To whom do you turn over the receipts of your office? _____   How often? _____

Do you collect taxes? ☒ Yes   ☐ No   If so, name of county for whom taxes are being collected. City of Bardstown

If Deputy Tax Collectors and/or Deputy Tax Treasurer are employed, are they Bonded:   ☐ No   N/A CSR Collects
☐ Yes; If so, what is the bond amount $ _____

Amounts of levy _____   Collection date _____

Are you liable for uncollected taxes?   ☐ Yes   ☐ No   How are you relieved? _____

To whom will you report delinquents? _Public Notice_   When? April/May Each Year

Are you required to make settlements?   ☐ Yes   ☒ No   When is final settlement made? _____

**If you now succeed yourself, the following questions MUST be fully answered:**

To/By whom were the accounts of the office last audited and funds verified? _____

Address _____

Date of Audit _____

Were the accounts found correct and were the books and records reported in good condition?   ☐ Yes   ☐ No

**A certified copy of this audit or final settlement or management letter relative to your office must accompany this Application.**

**IMPORTANT: PLEASE FILL IN THE FOLLOWING INFORMATION**

Agency Name _____   Code _____

Address _____

Agent's Recommendation _____

**INDEMNITY AGREEMENT:**

The undersigned (hereinafter called "Indemnitor") represents that the statements contained in this application are true and were made without reservation as an inducement to Liberty Mutual Insurance Company and any other company that is part of or added to the Liberty Mutual Group, severally not jointly, and/or for which surety business is underwritten by Liberty Mutual Surety (hereinafter called "Surety") to execute the Bonds applied herein, upon its indemnity on the Bonds or any successor Bonds, and for any continuation thereof (hereinafter called "Bonds"), and hereby agrees with the Surety, its successor and assigns, should Surety execute said Bonds, as follows: (1) To pay in advance such initial premium and such additional premiums as may become due, and to deliver to the Surety satisfactory evidence of the legal discharge and release of all liability under said Bonds; (2) That Indemnitor shall exonerate and indemnify Surety from and against all claims, demands, losses, liability, damages (including punitive and exemplary), costs, charges, attorneys' fees, expenses, suits, orders, judgments, or adjudications whatsoever which Surety may incur by reason of the Surety's execution or procurement of the execution of Bonds, the increase of Bonds, any investigation on account of Bonds, the defense or prosecution of any action, suit or other proceeding which may be brought in connection therewith or in connection with any judicial proceeding referred to in this Application, enforcement of the agreements contained herein, procuring a release from Bonds, or canceling Bonds in accordance with any cancellation provision therein contained; (3) That Surety shall have the right, at its sole discretion, to pay, adjust, settle or compromise any claim, demand, suit or judgment upon Bonds or in connection with any judicial proceeding referred to in this Application, and the voucher or other evidence of such payment, adjustment, settlement or compromise, whether Surety was liable therefore or not, shall be prima facie evidence of the fact and extent of Indemnitor's liability; (4) To place the Surety in funds immediately upon demand, the amount Surety deems necessary to protect itself from losses or expenses upon Surety's determination that liability reasonably exists, whether or not Surety has made payment or posted reserve, Surety having the right to use all or a part of these funds, in payment or settlement of any liability, loss or expense for which Indemnitor is obligated hereunder, or in reimbursement to Surety for payment of the same; (5) That Indemnitor hereby authorizes the Surety to investigate the statements made in this Application and to check credit with any creditors or lending institutions, and further authorizes any present or former employer or former Indemnitor, or any other person, firm or corporation, to furnish any information that any of them may possess concerning Indemnitor in connection with the Surety's underwriting of Bonds and Indemnitor's compliance with Bonds and with obligations hereunder, and Indemnitor hereby releases any of the aforementioned from any liability in consequence of furnishing or disclosing such information; (6) That separate suits may be brought to recover hereunder as causes of action shall accrue and the bringing of suit or the recovery of judgment upon any cause of action shall not prejudice or bar the bringing of other suits upon other causes of action, whether heretofore or thereafter arising; (7) That it is expressly understood and agreed by Indemnitor that any and all other rights which Surety may have or acquire against Indemnitor or acquire under any other or additional agreements of indemnity or collateral shall be in addition to, and not in lieu of, the rights afforded Surety under this agreement; (8) That in the event Surety executes the Bonds with cosurety or cosureties or reinsures all or any part of the Bonds, all the terms and provisions of this agreement shall apply and operate for the benefit of such cosureties and such reinsurers, as their interests may appear; (9) That these covenants shall be jointly and severally binding upon the Indemnitor, its respective heirs, executors, administrators, successors and assigns; (10) That Surety shall have the right to decline to issue or cancel any Bonds at any time, free of any claim for loss or damages by Indemnitor, and Surety shall be under no obligation to disclose its reasons therefore or to give any information in connection therewith, the provisions of any law to the contrary being hereby waived; (11) To render to the Surety whenever requested, a statement showing all receipts and disbursements of the office during any period, with bank certificates showing bank balances on hand, and to grant Surety the right to inspect the records and accounts of the office at any reasonable time, and to render such reasonable assistance as may be appropriate to enable Surety to obtain complete knowledge of the financial condition of the office.

Signed and dated this __20__ day of __March__, 20 __15__

_____, Witness

_____, INDEMNITOR

Address: __220 N. FIFTH ST.__
__Bardstown KY 40004__

State of __KY__
County of __NELSON__    } ss:

On this __20__ day of __MARCH__, in the year 20 __15__, before me personally comes __TRACY L. HUDSON__ to me known and known to me to be the person who is described in and who executed the foregoing instrument, and acknowledges to me that (s)he executed the same.

_____
(Signature of Notary Public)
My commission expires: __4-26-2015__

LMS-7455                             3/3                             Rev. 6/2010

Submit