UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| THE OHIO CASUALTY INSURANCE COMPANY,<br><br>       PLAINTIFF,<br><br>v.<br><br>TRACY L. HUDSON,<br><br>       DEFENDANT. | CIVIL ACTION NO. 3:20-cv-459-DJH<br><br>*ELECTRONICALLY FILED* |

**TRACY L. HUDSON'S ANSWER TO PLAINTIFF'S COMPLAINT**

The Defendant, Tracy L. Hudson, by counsel, files this Answer in response to Plaintiff's Complaint.

1. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore denies the same.

2. The Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. The allegations contained in Paragraph 3 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations contained in Paragraph 3 are denied.

4. The allegations contained in Paragraph 4 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations contained in Paragraph 4 are denied.

5. The Defendant admits she signed Exhibit A to the Complaint, but denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. The Defendant states that the language of the Agreement of Indemnity speaks for itself and denies any inconsistent allegations or interpretations contained in Paragraph 6 of the Complaint.

7. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and therefore denies the same.

8. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore denies the same.

9. The Defendant denies the allegations contained in Paragraph 9 of the Complaint.

## COUNT 1
## Breach of Agreement of Indemnity

10. In response to Paragraph 10 of the Complaint, the Defendant incorporates by reference, as though fully set forth herein, her responses to the allegations contained in Paragraphs 1 through 9 of the Complaint.

11. The Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. The Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. The Defendant denies the allegations contained in Paragraph 13 of the Complaint.

## COUNT II
## Exoneration

14. In response to Paragraph 14 of the Complaint, the Defendant incorporates by reference, as though fully set forth herein, her responses to the allegations contained in Paragraphs 1 through 13 of the Complaint.

15. The Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. The Defendant denies the allegations contained in Paragraph 16 of the Complaint.

## COUNT III
## Ouia Timet

17. In response to paragraph 17 of the Complaint, the Defendant incorporates by reference, as though fully set forth herein, her responses to the allegations contained in Paragraphs 1 through 16 of the Complaint.

18. The Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. The Defendant denies the allegations contained in Paragraph 19 of the Complaint.

## COUNT IV
## Specific Performance

20. In response to Paragraph 20 of the Complaint, the Defendant incorporates by reference, as though fully set forth herein, her responses to the allegations contained in Paragraphs 1 through 19 of the Complaint.

21. The Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. The Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. The Defendant denies the allegations contained in Paragraph 23 of the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. The alleged claims and damages – if any – asserted by the Plaintiff against the Defendant may have been caused, in whole or in part, by the act and primary negligence or the intervening or superseding negligence of third-parties, or by the intentional acts of third parties, over which Defendant had no control and for which she has no liability.

3. Plaintiff's claims are barred by its failure to mitigate the alleged damages.

4. Plaintiff's claims are barred because Plaintiff has either suffered no damage or has been compensated for any damage caused by Defendant's conduct, acts or omissions.

5. The alleged claims and damages – if any – asserted by the Plaintiff against Defendant are barred by the reason of the fact that Defendant is not the proximate cause of the damages alleged in the Complaint.

6. Plaintiff failed to join necessary and/or indispensable parties to this action, in violation of Fed. R. Civ. P. 19.

7. Plaintiff's damages were proximately caused by its own negligence or the negligence of an additional third-party.

8. Plaintiff's claims are barred by the doctorate of waiver, estoppel and latches.

9. Defendant reserves the right to amend her affirmative defenses before or during the trial of this case on the merits.

WHEREFORE, this Defendant demands:

1. Dismissal of the Complaint with prejudice;

2. Trial by jury;

3. Award of her costs expended herein; and

4. Any and all other relief to which she may be entitled.

Respectfully submitted,

*/s/ Michael M. Denbow*
Michael M. Denbow
STITES & HARBISON PLLC
400 West Market Street
Suite 1800
Louisville, KY  40202-3352
Telephone:  (502) 587-3400
Email:  mdenbow@stites.com

*Counsel for Defendant, Tracy L. Hudson*

- 4 -

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of October, 2020, a true and correct copy of the foregoing was served by filing electronically through the Court's ECF system to:

Gene F. Zipperle, Jr.
Ward, Hocker & Thornton, PLLC
Hurstbourne Place, Suite 700
9300 Shelbyville Road
Louisville, KY  40222
GZipperle@whtlaw.com

*Counsel for Plaintiff*

                                        */s/ Michael M. Denbow*
                                        Michael M. Denbow