UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE

| | | |
|---|---|---|
| THE OHIO CASUALTY INSURANCE COMPANY | ) | Civil Action No. 3:20-cv-459-DJH |
| | ) | ELECTRONICALLY FILED |
| PLAINTIFF | ) | |
| v. | ) | |
| | ) | |
| TRACY L. HUDSON | ) | |
| | ) | |
| DEFENDANT | ) | |

# PLAINTIFF'S FED. R. CIV. P. 26(a)(1) INITIAL DISCLOSURE STATEMENT

Comes the Plaintiff, The Ohio Casualty Insurance Company ("Ohio Casualty"), by counsel, and in compliance with Federal Rule of Civil Procedure 26 states:

A. Persons with discoverable information:

1. Tracy Lynn Hudson, Defendant; address known to Defendant's Counsel. Ms. Hudson is likely to have information regarding her employment by the City of Bardstown, the methods used by Hudson, or others known to her to misappropriate certain City of Bardstown funds, the disposition of certain City of Bardstown funds obtained by Hudson, or others known to her, during her employment by the City of Bardstown, and other similar subjects;

2. Jason Hudson, Defendant's spouse; address known to Defendant's Counsel. Mr. Hudson is likely to have information regarding her employment by the City of Bardstown, the methods used by Tracy Lynn Hudson, or others known to her to misappropriate certain City of Bardstown funds, the disposition of certain City of Bardstown funds obtained by Hudson, or

others known to her, during her employment by the City of Bardstown, and other similar subjects;

3. Kerry Greenwell, City of Bardstown (retired); current residence address unknown.

    Ms. Greenwell is likely to have information related to her tenure with the City of Bardstown including her duties as the accountant for the City; working with Tracy Lynn Hudson while Greenwell worked for the City of Bardstown, discovery certain irregularities in the finances of the City of Bardstown while Tracy Lynn Hudson was employed there; confronting Hudson with the same, the interaction between her and Hudson after the discovery of the irregularities, and the ensuing investigation by the City and its auditors.

4. Mike Able, City of Bardstown; current residence address unknown.

    Mr. Able is likely to have knowledge of Tracy Lynn Hudson's employment with the City of Bardstown and the investigation of Hudson's alleged misappropriation of City funds.

5. Ashley Rogers, City of Bardstown; current residence address unknown.

    Ms. Rogers is likely to have knowledge of Tracy Lynn Hudson's duties while Hudson was the occupational license fee administrator and chief financial officer for the City of Bardstown, the method(s) used by Hudson to misappropriate funds from the City of Bardstown, and the ensuing investigation after the misappropriations were discovered.

6. Dick Heaton, City of Bardstown; current residence address unknown.

    Mr. Heaton is likely to have knowledge of Tracy Lynn Hudson's employment with the City of Bardstown and the investigation of Hudson's alleged misappropriation of City funds.

7. Aaron Boles, City of Bardstown. current residence address unknown.

    Mr. Boles is likely to have knowledge of Tracy Lynn Hudson's employment with the City of Bardstown and the investigation of Hudson's alleged misappropriation of City funds.

8. Jennifer Eggemeier, City of Bardstown; current residence address unknown.

    Ms. Eggemeir is likely to have knowledge of Tracy Lynn Hudson's duties while Hudson was the occupational license fee administrator and chief financial officer for the City of Bardstown, the method(s) used by Hudson to misappropriate funds from the City of Bardstown, and the ensuing investigation after the misappropriations were discovered. Ms. Eggemeier is also likely to have knowledge of the duties of a customer service representative for the City of Bardstown. Ms. Eggemeier is also likely to have knowledge regarding Hudson's interference with Eggemeier's performance of her duties to further Hudson's misappropriation of city funds.

9. Stephani Miller, Liberty Mutual. Can be contacted via Counsel for the Plaintiff.

        Ms. Miller is likely to have knowledge of the Proof of Claim submitted by the City of Bardstown with respect to the misappropriation of funds by Tracy Lynn Hudson.

B.    All documents, individuals, entities, and/or tangible things which may contain discoverable information including, but not specifically limited to, the following:

    1.    Proof of Loss with supporting documentation submitted by the City of Bardstown;

    2.    Non-proprietary or non-privileged documents in Ohio Casualty's claim records, bond files, and indemnity records related to any and all claims under Bonds written on behalf of Tracy Lynn Hudson and indemnity/exoneration demands upon Defendant;

    3.    City of Bardstown Audited Financial Statements for the Year Ended June 30, 2019; as well as audits for previous years during which Tracy Lynn Hudson held various positions for the City of Bardstown;

    4.    The Public Officials Bond between Ohio Casualty Insurance Company and the City of Bardstown in force and effect while Hudson was the Chief Financial Officer for the City of Bardstown;

    5.    The Agreement of Indemnity executed between Tracy Lynn Hudson and Ohio Casualty and attached as Exhibit A to the complaint.

C.    Damages:

The City of Bardstown has demanded payment from Ohio Casualty based on the following analysis:

| | |
|---|---|
| The City of Bardstown maintains that Tracy Lynn Hudson misappropriated city funds during the years 2013 up to and including the amount of; | $764,093.39 |
| The City of Bardstown claims that Hudson returned the following funds to the City of Bardstown via check from her counsel in the amount of; | $134,121.50 |

| | |
|---|---|
| The City of Bardstown Claimed the following amount in the Proof of Loss it submitted to Ohio Casualty; | $656,878.29 |

To the extent that the City of Bardstown applies the returned funds to the total loss versus the amount claimed in its proof of loss, the amount sought by Ohio Casualty under the terms and conditions of the Agreement of Indemnity could be less than the amount in the City of Bardstown's Proof of Loss.

Further, under the terms and conditions of the Agreement of Indemnity, Hudson is also responsible for reimbursing any attorney fees and costs incurred by Ohio Casualty related to the claim, or this lawsuit in an amount to be determined.

D.   Insurance:

Not applicable.

Respectfully Submitted,

/s/ Gene F. Zipperle, Jr.
GENE F. ZIPPERLE, JR.
BRADLEY J. ATZINGER
WARD, HOCKER & THORNTON, PLLC
Hurstbourne Place, Suite 700
9300 Shelbyville Road
Louisville, Kentucky  40222
(502) 583-7012
(502) 583-7018 (Fax)
GZipperle@whtlaw.com
Bradley.Atzinger@whtlaw.com
*Counsel for Plaintiff*
*The Ohio Casualty Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of March, 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF System, and the foregoing document was served electronically in accordance with the method established under this Court's CM/ECF Administrative Procedures upon all parties in the electronic filing system in the case by electronic mail including:

Michael M. Denbow
STITES & HARBISON PLLC
400 West Market Street Suite 1800
Louisville, KY 40202-3352
Telephone: (502) 587-3400
Email: mdenbow@stites.com
*Counsel for Defendant, Tracy L. Hudson*

                                            */s/ Gene F. Zipperle, Jr.*
                                            GENE F. ZIPPERLE, JR.
                                            BRADLEY J. ATZINGER
                                            *Counsel for Plaintiff*
                                            *The Ohio Casualty Insurance Company*